UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61954-CIV-DIMITROULEAS/Snow

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
76.108.98.92,

    Defendant.
_____/

**O R D E R**

    THIS CAUSE is before the Court on the Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 5) which was referred to United States Magistrate Judge, Lurana S. Snow.

    On August 26, 2014, the Plaintiff filed this action against a John Doe defendant alleging copyright infringement. The Complaint alleges that the Defendant, identified only by his Internet Protocol ("IP") address, is a persistent online infringer of the Plaintiff's copyrighted materials. Plaintiff seeks to conduct limited, immediate discovery in the form of a Rule 45 subpoena on the Defendant's Internet Service Provider ("ISP") and any related intermediary ISPs, so that it may learn the Defendant's true identity for the purpose of serving the Defendant and prosecuting the claims in the complaint. The subpoena will demand only the true name, address, telephone number, and e-mail address of the Defendant. According to the Plaintiff, it has no other means of learning the Defendant's true identity. Further, although ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment, the logs may only be maintained for a short period of time.

    Fed.R.Civ.P. 26(d)(1) governs the timing of discovery. It states that a party may not seek discovery from any source before the parties have conducted their discovery planning

conference pursuant to Rule 26(f), except in proceedings exempted from initial disclosure, or when authorized by the rules, stipulation, or court order.  Because this case is not otherwise exempt from Rule 26(d)(1), the Plaintiff seeks leave of court.

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b).  Because this case cannot progress until the Defendant is identified, the Court finds good cause to permit the requested discovery.  This decision is in accord with numerous others in other districts. Malibu Media v. John Does 1 through 12, 2012 WL 2872835 (E.D. Cal. July 11, 2012) (noting a growing concern about the use of expedited discovery in copyright enforcement cases involving pornographic films and multiple John Doe defendants, but permitting the expedited discovery to learn the identity of one of the John Does so that the lawsuit could proceed); Malibu Media LLC v. John Doe, 2013 WL 1620366 (M.D. Fla. April 15, 2013) (permitting the discovery but with procedural protections in recognition of the fact that the ISP subscriber may not be the same person who used the internet connection for illicit purposes); Best Western International, Inc. v. John Doe, 2006 WL 2091695 (D. Arizona July 25, 2006); Quad Int'l, Inc. v. John Doe, 2012 WL 5458868 (S.D. Ill. Nov. 8, 2012); Malibu Media, LLC v. John Does 1-9, 2013 WL 142083 (E.D. Mich. Jan 11, 2013) (permitting early discovery, but as to discovery of the identity of one John Doe defendant only); Cornered , Inc. v. Does 1-2177, 2010 WL 4259605 (D. D.C. Oct. 22, 2010).

However, although the Plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that an innocent defendant may be publicly identified as an alleged illegal downloader of films.  Accordingly, the Court will institute procedural safeguards to protect the identity of the John Doe defendant in the event he or she is not the person who committed the infringing acts using the internet connection associated with the IP address identified in this case. See Malibu Media LLC v. John Doe, 2013 WL 1620366, *1 (M.D. Fla. April 15, 2013.)

Being fully advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 5) is GRANTED.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide the Plaintiff with a true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through on or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address not controlled by the ISP. If necessary, the Court shall resolve any disputes between the ISP

and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

 6. Plaintiff may use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

 7. To address potential issues relating to the identity of John Doe, the parties shall adhere to the following procedures:

 a. If the Plaintiff contacts John Doe or John Doe contacts the Plaintiff, the Plaintiff shall immediately inform John Doe that he or she has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by John Doe can and likely will be used against him or her in this proceeding.

 b. If John Doe does not wish to be contacted by the Plaintiff, he or she may at any time inform the Plaintiff by phone or send the Plaintiff's counsel a letter or e-mail addressed to klipscomb@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

 c. The Plaintiff must notify John Doe, or his or her counsel if represented, of the Plaintiff's intent to name and serve John Doe at least 14 calendar days prior to seeking issuance of a summons from the Clerk.

 d. The Plaintiff shall inform John Doe of the potential for sanctions under Rule 11, Fed.R.Civ.P., if John Doe is incorrectly identified.

 e. The Plaintiff shall provide a copy of this Order to John Doe.

 f. The Plaintiff must notify John Doe that he or she may submit a written or electronic objection to Plaintiff's counsel. If John Doe asserts that he or she did not personally commit the infringing act, John Doe must identify the individual responsible for the infringement, or, if the identity of the infringing individual is unknown, provide exculpatory evidence regarding

his or her innocence.  The Plaintiff's counsel shall file, or attempt to file, that objection, under seal, with this court, along with any response the Plaintiff has to the objection. See Local Rule 5.4.  Thereafter, the court will consider John Doe's objection and the response, and determine if the case shall proceed against John Doe.  Until the court makes such a determination, the Plaintiff may not identify John Doe by name in this lawsuit.  If, however, John Doe does not object in writing or electronically, the Plaintiff may proceed by naming John Doe in this case.

      DONE AND ORDERED at Fort Lauderdale, Florida, this 29th day of September, 2014.

                                       LURANA S. SNOW
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record  and Pro Se Parties